JAMES E. STANLEY AND WIFE, MARY S. STANLEY, MARTHA S. LUCAS AND HER HUSBAND, LLOYD LUCAS, MELBA S. PASCHAL AND HUSBAND, ELMER PASCHAL, MAMIE S. SMITH AND HUSBAND, ELBERT SMITH, MARION S. LAND AND HUSBAND, WOODROW LAND; SARAH E. WAL-KER STANLEY, BETSY ANN SOMERS AND MAY BELLE S. COBB, PLAINTIFFS, v. HENRY A. FOSTER, ADMINISTRATOR OF THE ESTATE OF ADA H. FOSTER, DECEASED, HENRY A. FOSTER, COMMISSIONER, HENRY A. FOSTER, INDIVIDUALLY, J. L. FOSTER, A. H. FOSTER, LILLIAN FOSTER, ELIZABETH FOSTER TAYLOR, JAMES N. TAYLOR, GUARD-IAN AD LITEM FOR ELIZABETH FOSTER TAYLOR, AND J. L. FOSTER, GUARDIAN AD LITEM FOR LILLIAN FOSTER, DEFENDANTS.

(Filed 23 May, 1956.)

**1. Wills § 33c—**

The will devised lands to testator's son with provision that if the son died leaving no children, the land should go to testator's named grand-children, with further provision that if any named grandchild should die without leaving children, her part should go to the survivors. The son died without issue. *Held:* The named grandchildren each take a fee, defeasible upon her death without issue, and during the lives of the named grandchildren, testator's great grandchildren cannot assert any interest in the property.

**2. Estates § 9a—**

In contemplation of law, the possibility of issue is commensurate with life.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs, James E. Stanley and wife, Mary S. Stanley, Martha S. Lucas and husband, Lloyd Lucas, Melba S. Paschal and husband, Elmer Paschal, Mamie S. Smith and husband, Elbert Smith, Marion S. Land and husband, Woodrow Land, and each of them, from *Sink, E. J.,* at November 1955 Regular Term, of CASWELL.

Civil action for recovery of land, and pending final determination of the matters in controversy, a permanent restraining order be issued against the defendant prohibiting them from selling, mortgaging, con-veying, or in any other wise encumbering the lands and the timber thereon, and for such other and further relief, heard upon demurrer to the complaint.

The complaint alleges substantially these facts:

1. . . .

2. James Somers, resident of Caswell County, North Carolina, died October 1911, leaving a will, which has been duly probated in the office of Clerk of Court of said county, reading as follows:

"WILL OF JAMES SOMERS

"In the name of God—Amen.

"I, James Somers of the County of Caswell and State of North Carolina, being in feeble health but of sound mind and memory and knowing the uncertainty of life and the certainty of death, and being desirous of making some disposition of the goods which it has pleased God to bestow upon me, do make this my last will and testament.

"FIRST: I wish all my just debts paid by my executor hereafter to be named.

"SECOND: I will and bequeath to my wife, Elizabeth F. Somers, the house and land where I now live during her natural life, together with the household and kitchin furniture; also the farming implements and the provisions on hand.

"THIRD: I will and bequeath to my son, Thomas, one-third of my real estate, and his part will be the place said Thomas, my son, now lives, and if he dies leaving no children, his part comes back to my grandchildren—but his wife, Lucinda Catherine, is to have it her lifetime, and after her death it comes back to my grandchildren, which is May Belle and Betsy Ann Somers and Sarah Elizabeth Walker, and if one dies without leaving children, her part comes back to them that is living. The graveyard is to be reserved one hundred feet each way.

"I also request for my three grandchildren's part is to be equally divided between them and then their bodily heirs.

"I nominate and appoint my son, Thomas Somers, my executor of this my last will and testament, revoking all others heretofore made by me, as witness my hand and seal this 27th day of March 1897.

his<br>
JAMES  ✕  SOMERS"<br>
mark

3. That Elizabeth F. Somers, wife of James Somers, died a few years before his death; and that he, James Somers, had three children, all of whom have been dead many years, namely: (a) Thomas Somers, who died without issue (b) Pharoah Somers, father of Betsy Ann Somers, and May Belle Somers Cobb, grandchildren referred to in the said will; and (c) Martha Frances Somers, wife of Frank Walker, and mother of Sarah E. Walker, another of the grandchildren referred to in said will.

4. That Thomas Somers, son of James Somers, referred to in the third paragraph of the will, died 18 August, 1918, intestate, and as stated above, without issue, and his wife, Lucinda Catherine, died in the year 1936.

5. That (a) May Belle Somers, referred to in the will, is the same person as May Belle S. Cobb, one of the plaintiffs in this action, having married Lester Cobb, who is now deceased. No children were born of

this marriage, and no children have been born to her, and she is now 77 years of age, and the possibility of issue is extinct.

(b) That Betsy Ann Somers, also a plaintiff in this action, is the same person as Betsy Ann Somers named in said will. She has never married, and no issue has been born to her, and she is now 72 years of age, and the possibility of issue is extinct.

(c) And that Sarah E. Walker Stanley, also a plaintiff, is the same person as Sarah Elizabeth Walker named in said will. She was formerly married to W. A. Stanley, from whom she is now divorced. She is now 70 years of age. These children were born of her marriage with W. A. Stanley: James E. Stanley, Martha Stanley, Melba Stanley, Mamie Stanley and Marion Stanley, who, with their respective spouses, constitute the remaining plaintiffs in this action. No other issue has been born to Sarah E. Walker. And the named children now constitute her bodily heirs.

6. That plaintiffs, James E. Stanley, Martha S. Lucas, Melba S. Paschal, Mamie S. Smith and Marion S. Land, under and by virtue of the terms of the said will, are the owners in fee of the lands willed to Thomas Somers in paragraph third of the said will, subject to the existing life estate in favor of the three grandchildren therein named, as set forth in paragraph 3 above, plaintiffs named above.

7. That the land as willed to Thomas Somers in paragraph third of the will of James Somers is a 61-acre tract designated as "The Somers' Tract," specifically described as shown.

Then there follows in the complaint in paragraphs 8, 9, 10, 11, 12 and 13 allegations on which plaintiffs base petition for restraining order against defendants.

Demurrer was filed 6-14-1955, which reads as follows: "The defendants demur to the complaint of James E. Stanley and wife, Mary S. Stanley, Martha S. Lucas and husband, Lloyd Lucas, Melba S. Paschal and husband, Elmer Paschal, Mamie S. Smith and husband, Elbert Smith, Marion S. Land and husband, Woodrow Land, in the above entitled action, and for cause of demurrer, says: That the complaint does not state facts sufficient to constitute a cause of action in favor of the above named plaintiffs and against the defendants, in that the above named plaintiffs have no interest, title, or right in law in the proceedings and matters and things alleged in the complaint, and cannot as a matter of law maintain said action . . ."

Upon hearing, by consent of all parties concerned, at regular November Term of Superior Court of Caswell County, the demurrer was sustained.

To the ruling of the court and from judgment in accordance therewith, plaintiffs against whom demurrer was entered as above set forth,

and each of them, excepted and appeal to Supreme Court, and assign error.

*D. E. Scarborough, Wm. R. Dalton, and W. R. Dalton, Jr.,* for Plaintiffs, appellants.

*Hunter K. Penn* and *Charles W. Campbell* for Defendants; Appellees.

WINBORNE, J. The sole assignment of error presented on this appeal is predicated upon exception to the judgment signed. In this connection, in so far as the appellants are concerned, the determinative question on which decision rests on this appeal is this: What estate, right, title or interest, in and to the 61-acre tract, if any, do they, as great-grandchildren of James Somers, take under his will?

The answer is "Nothing." The 61-acre tract of land is the land devised by the testator to his son, Thomas, and as to it, the will expressly provides (1) that "if he dies leaving no children, his part comes back to my grandchildren," that is, the testator's grandchildren, but (2) "his wife" that is, Thomas' wife, "is to have it her lifetime," and again (3) "after her death it comes back to my grandchildren," and (4) the grandchildren referred to are "May Belle and Betsy Ann Somers and Sarah Elizabeth Walker," and (5) "if one dies without leaving children, her part comes back to them that is living." Thus it is manifest that the testator desired the land so devised to go to his named grandchildren "to be equally divided between them and then (to) their bodily heirs." That is, he gave to each of the grandchildren a fee in the land defeasible by her dying without leaving children. And though all of them are living, and are of advanced ages, and May Belle and Betsy Ann Somers have no children, yet "in contemplation of law, the possibility of issue is commensurate with life," as expressed by *Parker, J.,* in *Griffin v. Springer, ante,* 95, citing cases.

Therefore, in no event do the great-grandchildren of the testator now have any interest which may be asserted. Hence the judgment as to appellants from which appeal is taken is

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.